**DEITSCH v CORNELL et (2 cases)**

Ohio Appeals, 1st Dist, Hamilton Co

Nos 4195 & 4196.  Decided Oct 24, 1932

Albert E. Savoy, for plaintiff.

Schorr & Wesselmann, Cincinnati, and George F. Eyrich, Jr., Cincinnati, Arthur E. Georgi, Cincinnati, Lorbach & Garver, Cincinnati, and O. K. Jones, Cincinnati, for defendants.

HAMILTON, J.

It is admitted that the $8,000 from Maggie Kerbel was used in the purchase of the Lincoln Avenue property.

The weight of the evidence is that Kerbel knew nothing of the transaction further than the $8,000 was to be used in the purchase of the Lincoln Avenue property.

The first claim of the Life Insurance Company is, that its mortgage has priority, for the reason that there was fraud in the transaction on the part of Mary Cornell against it, and that, therefore, the mortgages of the Life Insurance Company should have priority over Kerbel's mortgages.

The second claim of the Life Insurance Company is, that, having paid off the mortgage of the Western Bank and Trust Company on the Stanton Avenue property, and that of The Title Guarantee and Trust Company on the Lincoln Avenue property, it should be subrogated to the rights of these prior mortgage holders, which would give it priority to the extent of the amount of the two mortgages paid out of the loan.

As to the question of fraud:—There is not a scintilla of evidence that Maggie Kerbel was party to any fraud. She paid $8,000.00 in cash to Mary Cornell for the purpose of purchasing the Lincoln Avenue property. She knew nothing of any other mortgages to be given, and she did not know how. Cornell was to raise the money. She knew that the $8,000.00 was not sufficient to purchase the Lincoln Avenue property, but she did not know how or where Cornell would get the balance to complete the purchase. Cornell's whereabouts are unknown, and she did not appear at the trial. The lawyer who drew the Kerbel mortgages was absent from the trial, and his whereabouts are likewise unknown.

It was undoubtedly fraud on the part of Cornell, but there is not a scintilla of evidence to show that Maggie Kerbel was a party to it.

The Kerbel mortgage on the Stanton Avenue property is a valid lien on that property, since Cornell was the owner of that property at the time of its execution, delivery, and record.

The Kerbel mortgage on the Lincoln Avenue property is without validity, for the reason that at the time of its execution, Cornell, the mortgagor, was not the owner of the property, and conveyed nothing.

The Insurance Company's mortgage on the Lincoln Avenue property is, therefore, a first and prior lien and good as against the claim of the Kerbel mortgage on said property.

The next question is the effect of the rights of the parties by reason of the fact that the Life Insurance Company actually paid the mortgage loan of The Western Bank and Trust Company and should, therefore, be subrogated to its prior lien on the Stanton Avenue property. Under the facts, could equity so decree? Equity looks to substance and not to form. The facts are: That the loan of $27,000.00 from the Insurance Company and the loan of $8,000.00 were all secured for the purpose of the purchase of the Lincoln Avenue property. While it is true the money was actually paid out of the $27,000.00 loan, the transaction could not have been consummated without the $8,000.00 loan from Kerbel, and this money went into the transaction. Kerbel's money might have as well been used to liquidate the mortgage of the Western Bank and Trust Company and that of the Title Guarantee & Trust Company, instead of being applied to the general purchase fund.

We are, therefore, of the opinion that on

the question of subrogation, the equities are equal, and there should be no priority on the basis of the discharge of the prior mortgages. If the decision turned on this question, it would mean that Kerbel would have an equity or lien to the extent of 8/35ths of the two properties and The Federal Union Life Insurance Company 27/35ths. We prefer, however, to base the decision on the legal situation, disregarding the question of subrogation. This leaves the situation that Maggie Kerbel has a lien to the extent of the $5,000.00 note and mortgage on the Stanton Avenue property, and it is prior to the mortgage of the Insurance Company on this property. The Life Insurance Company's mortgage is a first mortgage on the Lincoln Avenue property, and is prior to the claimed mortgage of Maggie Kerbel on this property.

A decree may be presented accordingly.

ROSS, PJ, and CUSHING, J, concur.